EXHIBIT "B"

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

STATE FARM FIRE AND CASUALTY COMPANY as subrogee of Adam and Amy Collier,

Plaintiff,

vs.

LOWE'S COMPANIES, INC.,

Defendant.

CIVIL DIVISION

NO.: 4467 of 2023

**COMPLAINT IN CIVIL ACTION**

Filed on Behalf of Plaintiff

Counsel of Record for these Parties:

Travis L. McElhaney, Esquire
PA I.D. #204023

Meghan K. Adkins, Esquire
PA I.D. #320908

WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY LLP
Firm #594
Six PPG Place, Suite 1130
Pittsburgh, PA 15222
Phone: (412) 281-4541
Fax: (412) 281-4547

EXHIBIT "B"

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY as subrogee of Adam and Amy Collier, | ) | CIVIL DIVISION |
| Plaintiff, | ) | NO.: 4467 of 2023 |
| vs. | ) | |
| LOWE'S COMPANIES, INC., | ) | |
| Defendant. | ) | |

**NOTICE TO DEFEND**

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

IF YOU CANNOT AFFORD A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ON AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service
WESTMORELAND BAR ASSOCIATION
P.O. BOX 565
GREENSBURG, PA 15601
(724) 834-8490
http://lrs.westbar.org

EXHIBIT "B"

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY as subrogee of Adam and Amy Collier, | ) | CIVIL DIVISION |
| | ) | NO.: 4467 of 2023 |
| Plaintiff, | ) | |
| vs. | ) | |
| LOWE'S COMPANIES, INC., | ) | |
| Defendant. | ) | |

**COMPLAINT IN CIVIL ACTION**

AND NOW, comes Plaintiff, State Farm Fire and Casualty Company as subrogee of Adam and Amy Collier, by and through its attorneys, Travis L. McElhaney, Esquire, Meghan K. Adkins, Esquire, and the law firm of Weber Gallagher Simpson Stapleton Fires & Newby LLP, and files the following Complaint in Civil Action:

1. Plaintiff, State Farm Fire and Casualty Company ("Plaintiff" or "State Farm"), is an insurance company doing business within the Commonwealth of Pennsylvania and has a registered mailing address of P.O. Box 106173, Atlanta, Georgia 30348.

2. Defendant, Lowe's Companies, Inc. ("Defendant" or "Lowe's"), is a corporation doing business within the Commonwealth of Pennsylvania and has a principal place of business at 1000 Lowe's Boulevard, Mooresville, North Carolina 28117.

3. At all times relevant hereto, Adam and Amy Collier ("the Colliers") were the holders of a policy of insurance issued by State Farm which covered their residential property located 1504 High Street, Bradenville, Westmoreland County, Pennsylvania, 15620.

4. Pursuant to its policy of insurance and Pennsylvania common law, State Farm retains subrogation rights against alleged tortfeasors for any payments made pursuant to the policy.

5. At all times relevant hereto, the Colliers were the owners of a Utilitech 1500-Watt Utility Fan Indoor Electric Space Heater with Thermostat (hereinafter "Space Heater"), which had been designed, manufactured, produced, supplied and/or sold by Lowe's.

6. The Space Heater was purchased by Adam and/or Amy Collier sometime between March of 2021 and March of 2022 at Lowe's.

7. On or about March 3, 2022, a fire occurred in the Collier's aforementioned residential property.

8. The fire was caused by a defect(s) in the Space Heater, specifically the failure to contain an effective high-limit/automatic shut-off and/or overriding safety mechanism that shut the unit off when it overheated and would not allow it to turn back on without manual intervention.

9. The fire spread quickly, resulting in significant fire and smoke damage to the residential property and its contents, as well as water damage caused by emergency personnel responding to extinguish the fire.

10. Pursuant to its policy of insurance, State Farm Fire and Casualty Company made payments totaling $263,407.96 as a result of the aforementioned damage to the Colliers' home and contents and for alternative living expenses, and the Colliers incurred a policy deductible of $1,000.00. (State Farm Claim No. 38-31D6-15R).

**COUNT I – STRICT LIABILITY**

11. Paragraphs 1 through 10 above are incorporated by reference herein as if more fully set forth at length below.

12. At all times relevant hereto, Lowe's was in the business of designing, manufacturing, producing, supplying and/or selling Utilitech 1500-Watt Utility Fan Indoor Electric Space Heaters with Thermostat.

13. The Space Heater was expected to and/or did reach the Colliers without a substantial change in the condition it was in at the time it left Lowe's possession, custody and/or control.

14. The damages suffered by the Colliers were the direct and proximate result of the defective and/or abnormally dangerous condition of the Space Heater, which was defective and/or abnormally dangerous generally and in the following particulars:

a. In containing a dangerous and/or defective thermostat and/or high-limit (automatic shut-off) feature;

b. In failing to contain an effective high-limit (automatic shut-off) mechanism;

c. In failing to contain a properly working shut-off feature within the Space Heater;

d. In containing a thermostat and/or high-limit feature that allowed for melting of the contacts, thereby effectively disabling both items;

e. In containing shut-off features within the Space Heater that failed and became non-operational;

f. In containing a thermostat and/or shut-off feature that did not work properly; and

g. In containing a thermostat and/or shut-off feature that failed and caused a fire.

WHEREFORE, Plaintiff, State Farm Fire and Casualty Company as subrogee of Adam and Amy Collier, demand judgment in its favor and against the Defendant, Lowe's Companies, Inc., in the amount of $264,407.96, exclusive of interest and costs.

## COUNT II – NEGLIGENCE

15. Paragraphs 1 through 14 above are incorporated by reference herein as if more fully set forth at length below.

16. At all times relevant hereto, Lowe's owed a duty to the Colliers to design, manufacture, produce, supply and/or sell a space heater which was free from any and all defects, which was of fair and average quality, and which was suitable for the purposes to which it would foreseeably and reasonably be put.

17. The damages suffered by the Colliers were the direct and proximate result of the negligence of Lowe's, generally and in the following particulars:

a. in failing to design, manufacture, produce, supply and/or sell a space heater that was free from any and all defects;

b. in failing to ensure that the space heater Lowe's designed, manufactured, produced, supplied and/or sold was free from any and all defects before it left Lowe's possession, custody and/or control;

c. in failing to design, manufacture, produce, supply and/or sell a space heater with a properly working shut-off feature(s); and

d. in designing, manufacturing, producing, supplying and/or selling a space heater with a thermostat and/or a high-limit (automatic shut-off) feature that failed and caused a fire.

WHEREFORE, Plaintiff, State Farm Fire and Casualty Company as subrogee of Adam and Amy Collier, demand judgment in its favor and against the Defendant, Lowe's Companies, Inc., in the amount of $264,407.96, exclusive of interest and costs.

## COUNT III – BREACH OF EXPRESS WARRANTY

18. Paragraphs 1 through 17 above are incorporated by reference herein as if more fully set forth at length below.

19. At all times relevant hereto, Lowe's was the designer, manufacturer, producer, supplier and/or seller of the Space Heater and its component parts and, as such, was a merchant as that term is defined in the Pennsylvania Uniform Commercial Code.

20. By and through the written and/or oral affirmations of fact, promises, descriptions, samples and/or models relating to the Space Heater, all of which were made or given directly or indirectly to the Colliers by Lowe's before, during and/or after the purchase of the Space Heater, Lowe's created express warranties that the Space Heater would conform to said affirmations of fact, promises, descriptions, samples and/or models.

21. The damages suffered by the Colliers were the direct and proximate result of said breach of Lowes' express warranties, which were breached by Lowes, generally and in the following particulars:

a. In designing, manufacturing, producing, supplying and/or selling the Space Heater in such a condition that it did not conform to the aforementioned warranties;

b. In designing, manufacturing, producing, supplying and/or selling the Space Heater in such a condition that the shut-off features within the Space Heater did not work properly;

c. In designing, manufacturing, producing, supplying and/or selling the Space Heater in such a condition that the thermostat and/or shut-off feature were defective and allowed said shut-off features to fail and cause a fire;

d. In designing, manufacturing, producing, supplying and/or selling the Space Heater in such a condition that the space heater overheated and caused a fire; and

e. In failing to ensure that the Space Heater was free from any and all defects before it left Lowe's possession, custody and/or control.

WHEREFORE, Plaintiff, State Farm Fire and Casualty Company as subrogee of Adam and Amy Collier, demand judgment in its favor and against the Defendant, Lowe's Companies, Inc., in the amount of $264,407.96, exclusive of interest and costs.

**COUNT IV – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

22. Paragraphs 1 through 21 above are incorporated by reference herein as if more fully set forth at length below.

23. At all times relevant hereto, Lowe's was the designer, manufacturer, producer, supplier and/or seller of the Colliers' Utilitech 1500-Watt Utility Fan Indoor Electric Space Heater with Thermostat and, as such, were the merchants with respect to goods of the kind (as that term is defined in the Pennsylvania Uniform Commercial Code) purchased by the Colliers.

24. As a merchant with respect to goods of the kind purchased by the Colliers, Lowe's created an implied warranty that the Space Heater and all of its component parts would be merchantable.

25. The damages suffered by the Colliers were the direct and proximate result of Lowes' breach of the implied warranty of merchantability, which was breach generally and in the following particulars:

a. in designing, manufacturing, producing, supplying and/or selling a space heater that did not pass without objection in the space heating industry;

b. in designing, manufacturing, producing, supplying and/or selling a space heater that was not of fair and average quality; and

c. in designing, manufacturing, producing, supplying and/or selling a space heater that was not fit for the ordinary

purposes to which it would reasonably and foreseeably be put.

WHEREFORE, Plaintiff, State Farm Fire and Casualty Company as subrogee of Adam and Amy Collier, demand judgment in its favor and against the Defendant, Lowe's Companies, Inc., in the amount of $264,407.96, exclusive of interest and costs.

**COUNT V – BREACH OF THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**

26. Paragraphs 1 through 25 above are incorporated by reference herein as if more fully set forth at length below.

27. At the time of the Colliers' purchase of the Space Heater, Lowe's knew or had reason to know that the particular purpose of said space heater would be ordinary and routine heating of an indoor area.

28. At the time of the Colliers' purchase of the Space Heater, Lowe's knew or had reason to know that the Colliers were relying upon Lowes' skill, expertise and judgment to design, manufacture, produce, supply and/or sell a space heater suitable for that purpose.

29. As such, there existed an implied warranty that the Space Heater would be fit for the particular purposes to which the Space Heater would reasonably and foreseeably be put.

30. The damages suffered by the Colliers were the direct and proximate result of Lowes's breach of the implied warranty of fitness for a particular purpose, which was breached generally and in the following particulars:

a. in designing, manufacturing, producing, supplying and/or selling the Colliers a space heater in such a condition that it did not conform to the aforementioned warranties;

b. in designing, manufacturing, producing, supplying and/or selling the Colliers a space heater in such a condition that

the thermostat and/or high-limit feature did not work properly;

c. in designing, manufacturing, producing, supplying and/or selling the Colliers a space heater in such a condition that the Space Heater's shut off features were defective and allowed for the same to fail and cause a fire;

d. in designing, manufacturing, producing, supplying and/or selling the Colliers a space heater in such a condition that the space heater overheated and caused a fire;

e. in failing to ensure that the Space Heater was free from any and all defects before it left Lowes' possession, custody and/or control.

WHEREFORE, Plaintiff, State Farm Fire and Casualty Company as subrogee of Adam and Amy Collier, demand judgment in its favor and against the Defendant, Lowe's Companies, Inc., in the amount of $264,407.96, exclusive of interest and costs.

Respectfully submitted,

WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY LLP

By: Megh K. Adk
Travis L. McElhaney, Esquire
Meghan K. Adkins, Esquire

EXHIBIT "B"

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Plaintiff's Proof of Service was served by Regular U.S. Mail and Email, postage prepaid, this 9th day of July, 2024, to the following:

**Miles A. Kirshner, Esquire**
**Phoebe A. Gilmore, Esquire**
**MARGOLIS EDELSTEIN**
**535 Smithfield St., Suite 1100**
**Pittsburgh, PA 15222**

mkirshner@margolisedelstein.com
pgilmore@margolisedelstein.com

***Counsel for Lowe's Companies, inc.***

Meghan K. Adkins, Esquire
Travis L. McElhaney, Esquire
Counsel for Plaintiff